UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BRYAN SEVEGNY,  Plaintiff, | : : : | |
| v. | : : | C.A. No. 22-271WES |
| RHODE ISLAND DEPARTMENT OF CORRECTIONS,  Defendant. | : : : : | |

**MEMORANDUM AND ORDER DIRECTING PLAINTIFF
TO SHOW CAUSE AND FILE AMENDED PLEADING**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

*Pro se*[1] prisoner Bryan Sevegny has filed a civil action pursuant to 42 U.S.C. § 1983 against the Rhode Island Department of Corrections ("RIDOC"), alleging that he was not afforded the due process required by the Fourteenth Amendment and that he was subjected to an excessive fine, which is proscribed by the Eighth Amendment, when RIDOC charged his inmate account $4,699 on November 1, 2018, as restitution for destruction of a video court unit. Plaintiff accompanied his complaint with a request to proceed *in forma pauperis* ("IFP"), ECF No. 2, together with a copy of his prisoner trust fund account statement, as required by 28 U.S.C. § 1915(a)(2). ECF No. 2-1. Plaintiff's IFP request has been referred to me. Based on this referral, I am required to screen his complaint. See 28 U.S.C. §§ 1915(e)(2), 1915A. Finding that Plaintiff is a "three-striker" pursuant to the Prison Litigation Reform Act ("PLRA") at 28 U.S.C. § 1915(g), as well as that Plaintiff's claim, as pled, fails to state a claim and appears to be barred by the applicable statute of limitations, I am ordering that Plaintiff be afforded a thirty-day opportunity to address and cure these deficiencies if he can. If he fails to do so or if what he

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

presents remains deficient, I will issue a report recommending that the IFP motion be denied and that the complaint be dismissed.

**Background**

Plaintiff alleges that he was disciplined for damaging a "video court unit" on April 19, 2016, and "sanctioned" by the assessment of $8. ECF No. 1 ¶ 5. Weeks later (on May 10, 2016), he was charged criminally for the destruction of the unit. Id. ¶ 6. The public docket of the Third Division of the Rhode Island District Court confirms Plaintiff's allegation; it reflects that, on May 10, 2016, Plaintiff was charged with the misdemeanor of "damage to public property" worth more than $100. Rhode Island v. Sevegny, Case No. 31-2016-04187 (R.I. 3d Div. Dist. Ct. May 10, 2016) (criminal complaint). Two years later, on May 24, 2018, the complaint alleges that this charge was dismissed "pursuant to Rule 48A of RI Court Rules." ECF No. 1 ¶ 7. When this occurred, Plaintiff was in custody and had been "for many months" at Eleanor Slater Hospital. Id. ¶ 8. The state court docket confirms that the criminal charge was dismissed, further indicating that the dismissal under Criminal Rule 48(a) was "In consideration of Defendant's plea in other matters per AAG Scott Erickson." Sevegny, Case No. 31-2016-04187 (R.I. 3d Div. Dist. Ct. May 24, 2018) (48A dismissal).

Six months after the Rule 48(a) dismissal of the criminal charge, on November 1, 2018, referencing the inmate account statement attached to his IFP application, Plaintiff alleges that his RIDOC inmate account was "placed into debt" – $4,699 – as "restitution" for "destruction of video court unit." ECF No. 1 ¶¶ 9-10; see ECF No. 2-1 at 10.[2] On that day (November 1, 2018),

---

[2] Plaintiff's attached inmate account statement does reflect that this "debt" was posted on November 1, 2018. ECF No. 2-1 at 10. Somewhat puzzlingly, the account statement also reflects sixteen other "debt" transactions, all posted at the exact same date ("11/1/2018") and time ("4:21:06 PM"). Apart from a postage charge, which is undated, these are "debt[s]" seemingly accrued at earlier times – that is, the medical charge is from March 2017 and legal copy expenses were incurred over the period from July 2016 to September 2017. Id. at 9-10. Also puzzling is that the inmate account statement that Plaintiff attached begins on November 1, 2018; that is, it seems to be carrying charges over from somewhere else.

2

Plaintiff alleges that he was incarcerated at the Worcester House of Corrections. ECF No. 1 ¶ 9. The complaint is entirely silent regarding what Plaintiff knew, or had reason to know, about the destruction of the video court unit, the requirement that he must make restitution for the unit, the value of the unit, the posting of the "debt" for $4,699 as restitution for the unit, and when he knew about each of these matters.

Because Plaintiff's inmate account has had few deposits, actual collection of this "debt" has been very limited: specifically, on August 26, 2021, the account was debited $37.11 for "restitution - destruction of video court unit" (id. ¶ 19(B)), and in October 2021, it was similarly debited $6.52 and $0.76 (id. ¶ 19(C-D)). See ECF No. 2-1 at 6-7. On March 29, 2022, Plaintiff filed a grievance "to resolve my issue," which was rejected as untimely; RIDOC did not respond to his "Level 2" submission. ECF No. 1 ¶¶ 11-12.

Invoking 42 U.S.C. § 1983, Plaintiff alleges that the November 1, 2018, posting of the charge of $4,699 placed him in debt for an infraction for which he had already been sanctioned in violation of "the RIDOC policy's process" and that this was done at a moment when he "was not even in [RIDOC's] custody." ECF No. 1 ¶ 14. He claims that RIDOC's conduct deprived him of his rights under the Eighth and Fourteenth (due process clause) Amendments of the United States Constitution and of Article 1, Section 2, of the Rhode Island Constitution. He seeks declaratory and injunctive relief, as well as a refund of the amounts charged so far ($44.39).

**Plaintiff's IFP Application**

Plaintiff is a prisoner in the custody of RIDOC. ECF No. 1 ¶ 3. Therefore, his IFP Application implicates the "three-strikes" rule in the Prison Litigation Reform Act ("PLRA") at 28 U.S.C. § 1915(g). Sevegny v. Coyne-Fague, C.A. No. 21-471-JJM-PAS, 2021 WL 6048973,

3

at *3 (D.R.I. Dec. 21, 2021), adopted by Text Order (D.R.I. Mar. 24, 2022).  The three-strikes rule prevents a prisoner from bringing a civil suit *in forma pauperis* if he has had three or more prior suits that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted."  Id.; see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020) (pursuant to PLRA, dismissal – whether with or without prejudice – is a strike for purposes of three-strikes rule).  This Court's docket reflects that, prior to bringing this case, nine civil actions (or groups of civil actions) that Plaintiff filed were dismissed for failure to state a claim while he was "incarcerated or detained in any facility."[3]  28 U.S.C. § 1915(g).  Further,

---

[3] The following are the civil cases (with groups of cases dismissed together counted as one strike), organized by the date on which they were dismissed, that appear to qualify as strikes under PLRA.  In Plaintiff's show cause response, he is invited to present reasons why all or any of these cases should not count as strikes.

1. Sevegny v. R.I. Dep't of Corrs., 21-cv-00492-JJM (D.R.I. Jan. 13, 2022), ECF No. 4 at 2 ("[T]his complaint fails to plausibly state a claim upon which the Court could grant relief.  Therefore, this matter is dismissed . . . .").

2. Sevegny v. Coyne-Fague, C.A. No. 21-471-JJM-PAS, 2021 WL 6048973 (D.R.I. Dec. 21, 2021), adopted by Text Order (D.R.I. Mar. 24, 2022) (dismissed for failure to state claim after Plaintiff failed to replead despite having leave to do so).

3. Sevegny v. Eleanor Slater Hosp., 20-cv-00173-MSM, 20-cv-00174-MSM (D.R.I. Aug. 28, 2020), Text Orders (as to both cases, "[t]he Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted"; both cases dismissed).

4. Sevegny v. Eleanor Slater Hosp., 20-cv-00084-MSM, 20-cv-00101-MSM, 20-cv-00102-MSM (D.R.I. Apr. 6, 2020), Text Orders (as to all three cases, "[t]he Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted"; all three cases dismissed).

5. Sevegny v. Eleanor Slater Hosp., 19-cv-00654-MSM (D.R.I. Jan. 6, 2020), Text Order ("The Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted.").

6. Sevegny v. Calise, 17-cv-00422-WES, (D.R.I. Sept. 25, 2017), ECF No. 3 at 3 ("[i]n its current form, the Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;" with leave to amend) (internal citation and quotation marks omitted); (D.R.I. Feb. 16, 2018), ECF No. 5 at 3 (following show cause order, "DISMISSED with prejudice for lack of compliance with the Court's . . . Order").

7. Sevegny v. R.I. Bhd. of Corr. Officers, 17-cv-00261-JJM (D.R.I. Nov. 6, 2017), Text Order ("granting as unopposed . . . Motion to Dismiss for Failure to State a Claim").

while a prisoner subject to the three-strikes rule may qualify for *in forma pauperis* status if the claim falls into the exception to the three-strikes rule ("the prisoner is under imminent danger of serious physical injury," 28 U.S.C. § 1915(g)), the exception does not apply in this case, which does not implicate physical injury but rather is based on a financial debt.

Based on the foregoing, Plaintiff is hereby ordered to show cause in writing within thirty-days of the issuance of this Memorandum and Order, explaining why this three-strikes rule analysis is flawed. If he fails to do so, or if his presentation is insufficient, I will recommend that the Court deny Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(g).

### Screening

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion." Diaz v. Rhode Island, C.A. No. 21-208-JJM-PAS, 2021 WL 2000478, at *1 (D.R.I. May 19, 2021). "To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at *2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "In making this determination, the Court must accept a plaintiff[']s well-pled factual allegations as true and construe them in the light most favorable to him." Id. at *1.

Although the statute of limitations is generally raised as an affirmative defense, the Court may consider it *sua sponte* when prescreening a prisoner's complaint under § 1915(e)(2))

---

8. Sevegny v. Smith, C.A. No. 16-258 S, 2017 WL 35709, at *1-2 (D.R.I. Jan. 4, 2017) (adopting recommendation of summary dismissal of federal claim for failure to state claim and of state law claim for lack of jurisdiction, court enters judgment in favor of defendant).

9. Sevegny v. R.I. Dep't of Corrs., 13-cv-00721-JJM (D.R.I. Nov. 22, 2013), ECF No. 11 at 5 ("[T]his Court finds that [the Complaint] does not state a claim upon which relief may be granted and therefore [plaintiff's] Complaint is DISMISSED under 28 U.S.C. § 1915A.").

provided that it is clear from the face of complaint that the claims asserted are time barred. Rodriguez v. Providence Police Dep't, C.A. No. 08-003 S, 2009 WL 2059080, at *1 (D.R.I. June 23, 2009).  For a § 1983 civil action like this one, the federal court uses "the statute of limitations applicable to personal injury actions under the law of the forum state."  Amesbury v. City of Pawtucket, C.A. No. 19-342-JJM-LDA, 2019 WL 4306392, at *1 (D.R.I. Sept. 11, 2019) (internal quotation marks omitted).  Under Rhode Island law, that is the three-year period in R.I. Gen. Laws § 9-1-14(b).  Bergevine v. D.C.Y.F., C.A. No. 21-cv-459-WES-PAS, 2021 WL 5997649, at *2 (D.R.I. Dec. 20, 2021).  Unless the running of the statute is tolled, actions under § 1983 generally accrue, and the statute of limitations begins to run, from when the plaintiff knows, or has reason to know, of the injury on which the action is based.  Moran Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008).

On its face, Plaintiff's pleading establishes that the underlying incident occurred in April 2016 (over six years ago) and the "debt" of $4,699 was posted no later than November 1, 2018 (almost four years ago).  Plaintiff has not alleged any facts suggesting either that the statute of limitations could be tolled[4] or that his claim did not accrue until some date after the "debt" was posted.  Rodriguez, 2009 WL 2059080, at *2.  Nor does his pleading reveal anything about how, by whom or why this order of restitution was imposed.  Further, while Plaintiff is right that "an inmate has a property interest in the balances held in his accounts," it is also plain that not every charge to an inmate account implicates the due process clause of the Fourteenth Amendment. Paiva v. Coyne-Fague, No. 21-1746, 2022 WL 2915696, at *2 (1st Cir. July 25, 2022) (quoting Young v. Wall, 642 F.3d 49, 53 (1st Cir. 2011)).  Without facts sufficient to plausibly allege that

---

[4] Plaintiff alleges that he was incarcerated in Worcester on November 1, 2018.  ECF No. 1 ¶ 9.  However, since a statutory amendment in 2001, incarceration does not toll the running of the statute of limitations under Rhode Island law.  Bergevine v. D.C.Y.F., No. 21-CV-459-WES-PAS, 2021 WL 5997649, at *3 (D.R.I. Dec. 20, 2021).

<u>this</u> charge could not be posted without Plaintiff being afforded additional constitutionally sufficient due process,[5] the claim based on the Fourteenth Amendment is subject to dismissal for failure to state a claim.  See id.; Barber v. Wall, 66 F. App'x 215, 216 (1st Cir. 2003) (dismissing due process claim for failure to state a claim because prisoner received disciplinary reports that gave him notice of charge of destruction of property and estimated repair costs, and he was afforded a disciplinary hearing).  Similarly, Plaintiff's pleading of an Eighth Amendment violation is deficient in that he has failed to allege facts sufficient to demonstrate that the amount of the restitution imposed is excessive.  Fowler v. Zenk, Civil No. 18-CV-244-LM, 2019 WL 1116215, at *7 (D.N.H. Mar. 11, 2019) (challenges to restitution orders under Excessive Fines clause of Eighth Amendment fail to state actionable constitutional claim as long as restitution order reflects amount of the victim's loss) (citing United States v. Newell, 658 F.3d 1, 35 (1st Cir. 2011)).

Based foregoing analysis, I find that, as pled, Plaintiff's complaint fails to state a claim and appears to be time-barred by the applicable statute of limitations.  Because he may be able to marshal facts to buttress his claim of a constitutional deprivation and, as to the statute of limitations, either to toll the running of the statute or to push back the date when the cause of action accrued, I order that Plaintiff file an amended pleading within thirty days from the issuance of this Memorandum and Order that articulates facts that plausibly allege why the imposition of this charge violated his rights under the United States Constitution and why the

---

[5] Plaintiff's pleading appears to allege that he received notice of discipline for damage to the video court unit and was punished for it by the imposition of a sanction of $8, as well as that he was criminally charged for destroying property worth more than $100.  Further, Plaintiff does not allege that he was not present when the equipment was damaged/destroyed and is therefore presumptively generally aware of what appeared to be its value.  Otherwise, the complaint reveals nothing.  Based on these facts, it is conceivable that Plaintiff may have a claim, but not plausible.  See Iqbal, 556 U.S. at 680 (complaint must have facts sufficient to "nudge[]" the claim "'across the line from conceivable to plausible.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  That is, Plaintiff may well have received all of the process that he was due under the Constitution.  Barber v. Wall, 66 F. App'x 215, 216 (1st Cir. 2003).  Without more, Plaintiff's due process claim is subject to dismissal for failure to state a claim.

statute of limitations is not a bar. If he fails to do so, or if the amended complaint remains insufficient, I will recommend that this case be dismissed because the complaint fails to state a claim and/or because it is barred by the statute of limitations.

## Conclusion

Plaintiff is hereby ordered to show cause in writing within thirty days of the issuance of this Memorandum and Order why he is eligible for *in forma pauperis* status despite his civil case history of at least nine dismissals of civil actions for failure to state a claim while he was a prisoner. Plaintiff is further ordered, in the same time frame, to file an amended complaint that pleads fact sufficient to plausibly state an actionable claim of a constitutional deprivation, as well as to permit the inference that he can overcome the bar of § 1983's three-year statute of limitations. As to each of these Orders, if Plaintiff fails to do so, or if his submissions are still deficient, I will issue a report that recommends that this case be dismissed because it fails to state a claim and/or is barred by the applicable statute of limitations and/or that the IFP motion be denied because Plaintiff is barred from *in forma pauperis* status as a three-striker pursuant to the PLRA.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
July 28, 2022