UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BRYAN SEVEGNY,<br> Plaintiff, | :<br>:<br>: |
| v. | :  C.A. No. 22-271WES<br>: |
| RHODE ISLAND DEPARTMENT<br>OF CORRECTIONS,<br> Defendant. | :<br>:<br>: |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

 *Pro se*[1] prisoner Bryan Sevegny has filed a civil action pursuant to 42 U.S.C. § 1983, with parallel state law claims, against the Rhode Island Department of Corrections ("RIDOC"), alleging that he was not afforded the due process required by the Fourteenth Amendment and that he was subjected to retaliatory punishment in contravention of the Eighth Amendment, when RIDOC posted a debt of $4,699 to his inmate account on November 1, 2018, as restitution for his intentional destruction of a video court unit.  ECF No. 1.  Plaintiff accompanied his complaint with a request to proceed *in forma pauperis* ("IFP"), ECF No. 2, together with a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2).  ECF No. 2-1.  Plaintiff's IFP request has been referred to me.  Based on this referral, I am required to screen his complaint.  See 28 U.S.C. §§ 1915(e)(2), 1915A.

 Following my initial analysis of the pleading, I made the provisional findings that Plaintiff appears to be a "three striker" pursuant to the Prison Litigation Reform Act ("PLRA") at 28 U.S.C. § 1915(g), as well as that Plaintiff's claim, as then pled, appeared to fail to state a

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally.  Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

claim and to be barred by the applicable statute of limitations. ECF No. 3. Based on these provisional findings, I ordered Plaintiff to file an amended complaint to address and cure these deficiencies if he can, as well as to respond to the Court's provisional finding that he is barred from IFP status as a three striker by presenting reasons why the cases listed by the Court should not count as strikes. Id. Plaintiff filed an amended pleading, ECF No. 4, but has not challenged the Court's provisional finding that he is a three striker. Having reviewed the amended complaint, I find that it is still deficient. With no opposition to my provisional finding that he is a three striker, I also find that Plaintiff is barred from proceeding IFP. Accordingly, I now recommend that the IFP motion be denied and that the complaint be dismissed.

## **Background**

In his amended complaint, Plaintiff alleges that, while in RIDOC custody on April 19, 2016, he was charged with the discipline infraction of throwing a "video court unit" against a wall, resulting in damage to the unit. ECF No. 4 at 2-3; ECF No. 4-1.[2] According to the discipline report attached to the amended complaint, ECF No. 4-1, as of the day of the incident (when the infraction was written up), it was still unknown whether the unit would need to be replaced. ECF No. 4-1 at 1 ("Sevegny became upset during his video court hearing and picked up the video court unit and threw it against the wall. This damaged the unit and it may need to be replaced."). Plaintiff received notice of the charged infraction, pled not guilty and argued that procedural errors absolved him of responsibility. ECF No. 4-1. Following a hearing held in late April 2016, Plaintiff was found guilty. Id. Pursuant to the RIDOC Discipline Policy, he was sanctioned by the assessment of $9 in restitution for the damage, as well as loss of good time and disciplinary confinement. ECF Nos. 4 at 2-3, 5-6; 4-1.

---

[2] Because of confusion with the numbering of the paragraphs in Plaintiff's amended pleading, the Court uses page numbers to refer to his allegations.

Two weeks later (on May 10, 2016), Plaintiff was charged criminally for the destruction of the unit. ECF No. 4 at 3. The public docket of the Third Division of the Rhode Island District Court confirms that Plaintiff was charged with the misdemeanor of "damage to public property" worth more than $100, specifically a "VIDEO/AUDIO TRANSMITTING UNIT . . . with a value of $5,000." Rhode Island v. Sevegny, Case No. 31-2016-04187 (R.I. 3d Div. Dist. Ct. May 10, 2016). Two years later, on May 24, 2018, this charge was dismissed "pursuant to Rule 48A." ECF No. 4 at 4. The public state court docket indicates that dismissal under "Criminal Rule 48(a)" was "[i]n consideration of Defendant's plea in other matters per AAG Scott Erickson." Sevegny, Case No. 31-2016-04187 (R.I. 3d Div. Dist. Ct. May 24, 2018) (48(a) dismissal). When this occurred, Plaintiff was in RIDOC custody at Eleanor Slater Hospital. ECF No. 4 at 4. Soon after, Plaintiff was released into a community program. Id.

Six months after the Rule 48(a) dismissal of the criminal charge, on November 1, 2018, two relevant events occurred. First, Plaintiff alleges that he was incarcerated in Massachusetts; therefore, on that day he was not in RIDOC custody. ECF No. 4 at 4. Second, Plaintiff alleges that, his RIDOC inmate account was "charged for a debt" by the posting of $4,699 as "restitution" for "destruction of video court unit." ECF No. 4 at 4-5.

Plaintiff has attached a copy of his inmate account statement reflecting the November 1, 2018, posting. ECF No. 2-1 at 10. This inmate account statement is an "All Transactions" report opened on August 26, 2021, the date of Plaintiff's most recent commitment into RIDOC's custody.[3] ECF No. 2-1. It lists "debt" and "trust" transactions incurred and paid on and after

---

[3] Both the "admit" date and the opening "commit" transaction on the inmate account statement are August 26, 2021. ECF No. 2-1 at 1, 8. Plaintiff's allegations in another complaint that he signed and filed in this Court confirm that "[t]owards the end of August 2021, [Plaintiff] was extradited from Los Angeles County California back to the State of Rhode Island . . . and [c]ommitted and fortwith remanded to the custody of the R.I.D.O.C." Sevegny v. Coyne-Fague, C.A. No. 21-471-JJM-PAS, ECF No. 1 ¶¶ 6-7 (D.R.I. Nov. 30, 2021).

3

August 26, 2021.  In addition, it lists carried-over debts for the period prior to Plaintiff's commitment on August 26, 2021; this list begins on November 1, 2018, which is the earliest date shown on the statement.  ECF No. 2-1.  On November 1, 2018, there are seventeen debts listed, all showing that they were posted on "11/1/2018" at the exact same time ("4:21:06 PM").  ECF No. 2-1 at 9-10.  Fifteen of these debts are dated, making clear that none were accrued on November 1, 2018; rather, all are debts Plaintiff accrued well prior to that date.  Id.  Specifically, apart from an undated postage charge and the restitution charge, which is also undated, all were incurred a year or more earlier, between July 2016 and September 2017.  Id.

Plaintiff has paid very little of the restitution "debt."  As alleged, on August 26, 2021, he paid $37.11 and in October 2021, he made payments of $6.52 and $0.67.  ECF No. 4 at 11; ECF No. 2-1 at 6-7.  Most of the restitution debt remains unpaid.  ECF No. 2-1 at 1.  On March 29, 2022, Plaintiff filed a grievance "to resolve this issue," which was rejected as untimely; RIDOC did not respond to Plaintiff's "Level 2" submission.  ECF No. 4 at 6.

The amended complaint (by contrast with the original complaint) reveals that Plaintiff knew about the 2016 discipline charge based on his intentional damage to the video court unit, as well as that he participated in the hearing on the infraction.  ECF No. 4.  The pleading is ambiguous regarding whether he knew of the criminal charge for the destruction of the video court unit brought weeks later and dismissed two years after that.  Id.  The pleading is silent regarding whether $4,699 is a reasonable estimate of the value of the unit; when or how Plaintiff learned that he was being assessed restitution for the destruction of the unit (not just $9 for potentially repairable damage); and when or how Plaintiff first learned of the posting on his inmate account of an amount reflected in a restitution order as a "debt" for $4,699.  It also is unknown whether, when, how or why restitution for the destruction of the video court unit was

initially assessed, including whether there was a restitution order with an estimate of the value of the unit that Plaintiff received and had the right to challenge as required by the RIDOC Discipline Policy.[4] And it is unknown whether the restitution debt was first posted to an earlier iteration of Plaintiff's inmate account (that is, an account pertaining to an incarceration prior to his commitment on August 26, 2021).

Invoking 42 U.S.C. § 1983, Plaintiff makes the conclusory claims that the November 1, 2018, posting of the charge of $4,699 placed him in debt for an infraction for which he had already been sanctioned and that this was done at a moment when he was "not in the custody" of RIDOC. ECF No. 4 at 4-6. With no plausible facts to support the allegation, he also claims that the November 1, 2018, posting of a debt of $4,699 was in retaliation ("to inflict their own punishment [and] take justice into their own hands") for the dismissal of the criminal charge for destruction of the video court unit. Id. at 8. He alleges that this injury is continuing because the debt remains unpaid. Id. at 5. Based on this factual foundation, Plaintiff alleges that RIDOC's conduct has deprived him of his rights under the Eighth and Fourteenth (due process clause) Amendments of the United States Constitution and under Article 1, Sections 2 and 8, of the Rhode Island Constitution. Id. at 7-9. He seeks declaratory and injunctive relief, as well as a refund of the amount paid so far ($44.39).

## Screening

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2) and § 1915A is identical to the standard used when ruling on a Rule 12(b)(6) motion." Diaz v. Rhode Island, C.A. No. 21-208-JJM-PAS, 2021 WL 2000478, at *1 (D.R.I.

---

[4] In this case, Plaintiff references the RIDOC Discipline Policy. ECF No 1 ¶ 14; ECF No. 4 at 5-6. In one of Plaintiff's previous cases, he attached a copy of the Policy. Sevegny, C.A. No. 21-471-JJM-PAS, ECF No. 1 at 29-68. The portion pertinent to restitution is at ECF No. 1 at 60.

May 19, 2021). "To state a claim on which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. at *2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (internal quotation marks omitted). "In making this determination, the Court must accept a plaintiff[']s well-pled factual allegations as true and construe them in the light most favorable to him." Id. at *1.

Although the statute of limitations is generally raised as an affirmative defense, the Court may consider it *sua sponte* when prescreening a prisoner's complaint under 28 U.S.C. § 1915(e)(2) if it is clear from the face of the complaint that the claims asserted are time barred. Rodriguez v. Providence Police Dep't, C.A. No. 08-003 S, 2009 WL 2059080, at *1 (D.R.I. June 23, 2009). For a § 1983 civil action like this one, the federal court uses "the statute of limitations applicable to personal injury actions under the law of the forum state." Amesbury v. City of Pawtucket, C.A. No. 19-342-JJM-LDA, 2019 WL 4306392, at *1 (D.R.I. Sept. 11, 2019) (internal quotation marks omitted). Under Rhode Island law, that is the three-year period in R.I. Gen. Laws § 9-1-14(b). Bergevine v. D.C.Y.F., C.A. No. 21-cv-459-WES-PAS, 2021 WL 5997649, at *2 (D.R.I. Dec. 20, 2021). Unless the running of the statute is tolled, actions under § 1983 generally accrue, and the statute of limitations begins to run, from when the plaintiff knows, or has reason to know, of the injury on which the action is based. Moran Vega v. Cruz Burgos, 537 F.3d 14, 20 (1st Cir. 2008).

Plaintiff alleges that, following a hearing, he was found guilty of intentionally throwing the video court unit against the wall, resulting in damage to, and possibly the destruction of, the unit. ECF No. 4-1. At the time of the incident, RIDOC imposed, *inter alia*, the discipline of only $9 in restitution. Id. Some months later, Plaintiff was criminally charged with destroying the video court unit valued at $5,000. ECF No. 4 at 3; Sevegny, Case No. 31-2016-04187 (R.I.

6

3d Div. Dist. Ct. May 10, 2016).  It is unknown whether Plaintiff was ordered to make restitution of $4,699 for the unit at some point prior to November 1, 2018.  The amended complaint reveals only that on November 1, 2018, a restitution debt for that amount was posted to Plaintiff's inmate account and that, on that day, Plaintiff was in the custody of Massachusetts, not RIDOC.  The amended complaint still lacks facts that plausibly support his due process claim in that it reveals nothing about what Plaintiff knew and when he knew it regarding whether, how, by whom or why an order of restitution for the full value of the video court unit was imposed, what notice Plaintiff received that he was being charged for the destruction of the unit, and whether the amount assessed and subsequently posted is a reasonable estimate of the value of the unit and/or RIDOC's loss.

Plaintiff is right that "an inmate has a property interest in the balances held in his accounts."  Paiva v. Coyne-Fague, No. 21-1746, 2022 WL 2915696, at *2 (1st Cir. July 25, 2022) (quoting Young v. Wall, 642 F.3d 49, 53 (1st Cir. 2011)).  However, it is also plain that not every charge to an inmate account implicates the due process clause of the Fourteenth Amendment.  Sevegny v. R.I. Dep't of Corrs., C.A. No. 22-271WES, 2022 WL 2982464, at *3 (D.R.I. July 28, 2022).  Plaintiff concedes that he had a hearing at which he was found guilty of intentionally damaging/destroying the video court unit and his pleading does not dispute that $4,699 is an appropriate estimate of its worth; without more, it is not plausible to "divine an actionable [constitutional] deprivation."  Paiva, 2022 WL 2915696, at *2.  That is, these facts make it conceivable that Plaintiff may have a claim, but even with Plaintiff's amendment to the pleading, there is still not enough to plausibly state a claim.  See Iqbal, 556 U.S. at 680 (complaint must have facts sufficient to "nudge[]" the claim "across the line from conceivable to plausible") (internal quotation marks omitted); see Barber v. Wall, 66 F. App'x 215, 216 (1st Cir.

7

2003) (per curiam) (restitution for destruction of government property with notice of charges and disciplinary hearing is "all the process [plaintiff] was due"). Without facts sufficient to permit the inference, for example, that this charge was arbitrarily posted without Plaintiff's knowledge, without regard to the value of the unit and with no underlying restitution order, Plaintiff's Fourteenth Amendment due process claim fails and is subject to dismissal. See Pressley v. Blaine, 352 F. App'x 701, 708-09 (3d Cir. 2009) (per curiam) (deduction from inmate account as restitution for destruction of government property without hearing not actionable where plaintiff failed to allege that he did not get notice of hearing).

     Plaintiff's pleading of an Eighth Amendment violation is deficient for the same reasons – with no allegation that the amount of restitution ordered is excessive in relation to the value of the damage to RIDOC's property that Plaintiff intentionally caused, the amended complaint lacks facts sufficient to plausibly permit the inference that restitution for destruction of the video court unit is a "punishment" imposed not to compensate RIDOC for its loss, but rather in retaliation for the State's voluntary dismissal of the criminal charge for destruction of state property. See Fowler v. Zenk, Civil No. 18-CV-244-LM, 2019 WL 1116215, at *7 (D.N.H. Mar. 11, 2019) (challenge to restitution order under Eighth Amendment fails to state actionable constitutional claim as long as it reflects amount of victim's loss) (citing United States v. Newell, 658 F.3d 1, 35 (1st Cir. 2011)). Plaintiff has not alleged that $4,699 misstates the amount of RIDOC's loss caused by his intentional conduct; therefore, he has failed to state an actionable Eighth Amendment claim.

     As to the statute of limitations, on its face, Plaintiff's pleading establishes that the underlying incident occurred in April 2016 (over six years ago) and the "debt" of $4,699 was posted no later than November 1, 2018 (almost four years ago). In the amended complaint,

8

Plaintiff still has not alleged any facts suggesting either that the statute of limitations could be tolled[5] or that his claim did not accrue until some date after the "debt" was assessed and subsequently posted to his inmate account. See generally Rodriguez, 2009 WL 2059080, at *2. Plaintiff's contention that the injury is continuing simply because the debt remains unpaid is unavailing. Grant v. Vision Fin. Servs., Inc., No. 11 C 8854, 2013 WL 1499004, at *3 (N.D. Ill. Apr. 11, 2013) ("plaintiff cites no authority for the proposition that an ongoing debt collection effort or an ongoing failure to validate the debt qualifies as a 'continuing violation' that would enable plaintiff to revive his time-barred claims, and we agree with our colleagues in this district who have ruled that it does not"). Thus, Plaintiff's § 1983 claims also fail because they are barred by the three-year statute of limitations.

Finally, if the Court adopts my recommendation and dismisses Plaintiff's federal question claims brought pursuant to § 1983, this Court lacks subject matter jurisdiction over Plaintiff's state law claims. See Randall v. Brosco, C.A. No. 18-69WES, 2018 WL 3133427, at *2 (D.R.I. Mar. 19, 2018), adopted, 2018 WL 3128988 (D.R.I. June 26, 2018). Federal courts are limited to exercising jurisdiction over cases that arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and over cases between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332(a). Once the § 1983 claims are dismissed, the Court's federal question subject matter jurisdiction based on 28 U.S.C. § 1331 lapses. Jurisdiction cannot be sustained based on 28 U.S.C. § 1332(a) because, as a Rhode Island prisoner, Plaintiff cannot rely on diversity of citizenship as the basis for subject matter jurisdiction, nor does his pleading meet the requisite (in excess of $75,000) amount in

---

[5] Plaintiff alleges that he was incarcerated in Massachusetts on November 1, 2018. ECF No. 4 at 4. However, since a statutory amendment in 2001, incarceration alone does not toll the running of the statute of limitations under Rhode Island law. Bergevine, 2021 WL 5997649, at *3.

9

controversy. See Flaquer v. Bevilacqua, No. C.A. 08-95ML, 2008 WL 2018182, at *2 (D.R.I. May 7, 2008). Therefore, the state law claims should be dismissed for lack of subject matter jurisdiction.

### Plaintiff's IFP Application

Because Plaintiff is a prisoner in the custody of RIDOC, ECF No. 4 at 1, his IFP Application implicates the "three-strikes" rule in the PLRA at 28 U.S.C. § 1915(g). Sevegny v. Coyne-Fague, C.A. No. 21-471-JJM-PAS, 2021 WL 6048973, at *3 (D.R.I. Dec. 21, 2021), adopted by Text Order (D.R.I. Jan. 13, 2022). The three-strikes rule prevents a prisoner from bringing a civil suit *in forma pauperis* if he has had three or more prior suits that were "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted." Id. (internal quotation marks omitted); see Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1723 (2020). Prior to bringing this case, nine civil actions (or groups of civil actions) that Plaintiff filed were dismissed for failure to state a claim while he was "incarcerated or detained in any facility."[6] 28 U.S.C. § 1915(g). The exception to the three-

---

[6] The following are the civil cases (with groups of cases dismissed together counted as one strike) that qualify as strikes under PLRA organized by the date on which they were dismissed.

1. Sevegny v. R.I. Dep't of Corrs., 21-cv-00492-JJM (D.R.I. Jan. 13, 2022), ECF No. 4 at 2 ("[T]his complaint fails to plausibly state a claim upon which the Court could grant relief. Therefore, this matter is dismissed . . . .").

2. Sevegny v. Coyne-Fague, C.A. No. 21-471-JJM-PAS, 2021 WL 6048973 (D.R.I. Dec. 21, 2021), adopted by Text Order (D.R.I. Jan 13, 2022) (dismissed for failure to state claim after Plaintiff failed to replead despite having leave to do so).

3. Sevegny v. Eleanor Slater Hosp., 20-cv-00173-MSM, 20-cv-00174-MSM (D.R.I. Aug. 28, 2020), Text Orders (as to both cases, "[t]he Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted"; both cases dismissed).

4. Sevegny v. Eleanor Slater Hosp., 20-cv-00084-MSM, 20-cv-00101-MSM, 20-cv-00102-MSM (D.R.I. Apr. 6, 2020), Text Orders (as to all three cases, "[t]he Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted"; all three cases dismissed).

strikes rule ("the prisoner is under imminent danger of serious physical injury") does not apply in this case because it is based on a financial debt. Id.

Plaintiff made no response to the Court's order that he show cause in writing why this three-strikes rule analysis is flawed. Accordingly, I now recommend that the Court deny Plaintiff's IFP application pursuant to 28 U.S.C. § 1915(g).

## Conclusion

I recommend that Plaintiff's IFP motion be denied because Plaintiff is barred from *in forma pauperis* status as a three striker under the PLRA. I further recommend dismissal of Plaintiff's federal law claims because the amended complaint fails to state a claim and the claims Plaintiff purports to bring are barred by the applicable statute of limitations. And with no federal question jurisdiction to anchor the case in this Court, I recommend that Plaintiff's state law claims be dismissed because the Court lacks subject matter jurisdiction to consider them.

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P.

---

5. Sevegny v. Eleanor Slater Hosp., 19-cv-00654-MSM (D.R.I. Jan. 6, 2020), Text Order ("The Court has reviewed the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that the Complaint does not state a claim upon which relief can be granted.").

6. Sevegny v. Calise, 17-cv-00422-WES, (D.R.I. Sept. 25, 2017), ECF No. 3 at 3 ("[i]n its current form, the Complaint does not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face;" with leave to amend) (internal citation and quotation marks omitted); (D.R.I. Feb. 16, 2018), ECF No. 5 at 3 (following show cause order, "DISMISSED with prejudice for lack of compliance with the Court's . . . Order").

7. Sevegny v. R.I. Bhd. of Corr. Officers, 17-cv-00261-JJM (D.R.I. Nov. 6, 2017), Text Order ("granting as unopposed . . . Motion to Dismiss for Failure to State a Claim").

8. Sevegny v. Smith, C.A. No. 16-258 S, 2017 WL 35709, at *1-2 (D.R.I. Jan. 4, 2017) (adopting recommendation of summary dismissal of federal claim for failure to state claim and of state law claim for lack of jurisdiction, court enters judgment in favor of defendant).

9. Sevegny v. R.I. Dep't of Corrs., 13-cv-00721-JJM (D.R.I. Nov. 22, 2013), ECF No. 11 at 5 ("[T]his Court finds that [the Complaint] does not state a claim upon which relief may be granted and therefore [plaintiff's] Complaint is DISMISSED under 28 U.S.C. § 1915A.").

Case 1:22-cv-00271-WES-PAS   Document 5   Filed 09/14/22   Page 12 of 12 PageID #: 75

72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 14, 2022

12